UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
HENRY OLIVER FORD,

                                                          **MEMORANDUM & ORDER**

                      Plaintiff,                       13-CV-6346 (MKB)

                 v.

UNITED STATES OF AMERICA,

                    Defendant.
------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Henry Ford brings the above-captioned action against Defendant United States of America (the "United States") for negligence and conversion in violation of the Federal Torts Claims Act ("FTCA"). Plaintiff seeks damages for loss of his personal property seized by United States Immigration and Customs Enforcement, Department of Homeland Security ("ICE"), in May 2010, at John F. Kennedy International Airport ("JFK"). Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court grants Defendant's motion to dismiss.

**I.    Background**

       In May 2010, Plaintiff was taken into custody at JFK by two ICE special agents. (Compl. ¶ 2.) Upon his arrest, Plaintiff's property was seized. (*Id*.) The property included Plaintiff's passport, telephone, wallet, eight luxury wrist watches, laptop computer, computer bag, business cards and "the only copy of land surveys and engineering plans." (*Id*.) Plaintiff's attorney contacted the Department of Homeland Security ("Homeland Security") several times over an eleven month period to obtain Plaintiff's property. (*Id*. ¶ 3.)

On April 4, 2012, the United States District Court for the District of Arizona "ordered Defendant to immediately return Plaintiff's personal property to Plaintiff, without the need to sign a Hold Harmless Agreement." (*Id.* ¶ 7.) Defendant returned Plaintiff's wallet, business cards, and laptop computer. (*Id.* ¶ 11.) Plaintiff contends that his computer was damaged beyond repair, and that Defendant failed to return his passport, telephone, computer bag, wrist watches, land surveys and engineering plans. (*Id.*) On or about April 20, 2012, Plaintiff filed an administrative claim with Homeland Security seeking damages for the loss of his personal property. (*Id.* ¶ 12.) On October 3, 2012, Homeland Security denied Plaintiff's administrative claim. (*Id.*)

II. Discussion

    a. **Standard of Review**

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Burns v. City of Utica*, --- F.App'x---, 2014 WL 5785554, at *2 (2d Cir. Nov. 7, 2014) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) ("[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." (alteration in original) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005))). "'[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (alteration in original) (citations omitted), *aff'd*, 561 U.S. 247 (2010). Where the plaintiff's claim implicates

the FTCA, the plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Haskin v. United States*, 569 F. App'x 12, 15 (2d Cir. 2014) (citing *Aurecchione*, 426 F.3d 635 at 638); *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012); *Yesina v. United States*, 911 F. Supp. 2d 217, 220 (E.D.N.Y. 2012). "As [the FTCA] creates a waiver of sovereign immunity, it is strictly construed in favor of the government." *Haskin*, 569 F. App'x 12 at 15; *Liranzo*, 690 F.3d at 84. A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010); *Morrison*, 547 F.3d at 170.

### b. Sovereign Immunity and Federal Tort Claims Act

The United States is generally immune from suit. *United States v. Bormes*, 568 U.S. ---, ---, 133 S. Ct. 12, 13–14 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992))). Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees while acting within the scope of their employment." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008); *Vidro v. United States*, 720 F.3d 148, 150 (2d Cir. 2013); *Kuhner v. Montauk Post Office*, No. 12-CV-2318, 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013); *Leogrande v. New York*, No. 08-CV-3088, 2013 WL 1283392, at *13 (E.D.N.Y. Mar. 29, 2013); *Espinoza v. Zenk*, No. 10-CV-427, 2013 WL 1232208, at *4 (E.D.N.Y. Mar. 27, 2013); *see generally Levin v. United States*, 568 U.S. ---, ----, 133 S. Ct. 1224, 1228 (2013) ("The [FTCA] gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of

3

federal employees acting within the scope of their employment." (quoting 28 U.S.C § 1346(b)(1))); *Molchatsky v. United States*, 713 F.3d 159, 161–62 (2d Cir. 2013) (quoting 28 U.S.C. § 1346(b)(1)); *Carter v. United States*, 494 F. App'x 148, 149 (2d Cir. 2012) (same). "The United States' waiver of immunity under the FTCA is to be strictly construed in favor of the government." *Liranzo*, 690 F.3d at 84

### c. The detention of goods exception to the FTCA

The FTCA "provides generally that the United States shall be liable, to the same extent as a private party 'for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Kosak v. United States*, 465 U.S. 848, 851–52 (1984). Despite this broad waiver of sovereign immunity, the FTCA is subject to a number of enumerated exceptions. *Id*. One such exception is the detention of goods exception, found in 28 U.S.C. § 2680(c). Under Section 2680(c), "[a]ny claim arising in respect of the . . . detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer" is exempted from the FTCA's waiver of sovereign immunity. *See Kosak*, 465 U.S. at 854 (Section 2680(c) "exempts from the coverage of the statute [a]ny claim arising in respect of . . . the detention of any goods or merchandise by any officer of customs."); *see also Espinoza*, 2013 WL 1232208, at *4 ("Section 2680(c) of the FTCA exempts from the waiver of sovereign immunity '[a]ny claim arising in respect of the . . . detention of any goods, merchandise, or property by any other law enforcement officer'").

In construing the statute, the Supreme Court has applied Section 2680(c)'s detention of goods exception broadly. *Kosak*, 465 U.S. at 854. In *Kosak*, the Supreme Court held that this exception applies to "any claim 'arising out of' the detention of goods . . . includ[ing] a claim

4

resulting from negligent handling or storage of detained property." *Id.*; *see Hallock v. United States*, 253 F. Supp. 2d 361, 367 (N.D.N.Y. 2003) (holding that if the instant property is seized and transported elsewhere, it is deemed detained).

Plaintiff brings two claims against Defendant. First, Plaintiff alleges negligence based on Defendant's failure to maintain and protect Plaintiff's property. (Compl. ¶ 25). Second, Plaintiff alleges conversion of his property while it was in the possession of ICE. (Compl. ¶ 30). As explained below, both of Plaintiff's claims arise from the detention of his property by ICE and therefore fall within Section 2680(c)'s detention of goods exception to the FTCA.

### i. Negligence claim

Plaintiff's property was seized when he was taken into custody by ICE special agents during his arrest and detention at JFK. (*Id*. ¶ 6.) Because his negligence claim for failure to maintain and protect his property is directly related to the detention of goods by a law enforcement or customs officer, and his claim arises from acts of negligence while his property was in the possession of ICE, Plaintiff's claim for negligence based on Defendant's failure to maintain and protect his property falls squarely within Section 2680(c)'s exception. *See Adeleke v. United States*, 355 F.3d 144, 154 (2d Cir. 2004) (holding that property seized by customs falls squarely within the § 2680(c) exception of the FTCA waiver of sovereign immunity); *Hallock*, 253 F. Supp. 2d at 367 (holding that damage and destruction that occurs at some point after seizure but before the property is returned to plaintiff falls within the time period in which the United States retains sovereign immunity under the "detention of goods" exception). Plaintiff's negligence claim is therefore dismissed.

### ii. Conversion claim

Plaintiff's conversion claim is also barred by Section 2680(c)'s detention of goods exception to the FTCA's waiver of sovereign immunity, as it arises out of the detention of Plaintiff's property by customs or law enforcement officials. As discussed above, the Supreme Court has construed Section 2680(c)'s detention of goods exception broadly. *See Kosak*, 465 U.S. at 854 (holding that the United States is immune from any claim "arising out of the detention of goods, and includes a claim resulting from negligent handling or storage of detained property"). Applying this broad standard, courts in this Circuit have routinely declined to exercise subject matter jurisdiction over conversion claims based on Section 2680(c)'s exception to the FTCA. *See Aetna Cas. & Sur. v. United States*, 71 F.3d 475, 478 (2d Cir. 1995) (affirming lower court's dismissal of plaintiff's conversion claim under Section 2680(c)); *Rufu v. United States*, 876 F. Supp. 400, 402 (E.D.N.Y. 1994) (stating that the purpose of the detention of goods exception "was to prohibit actions for conversion arising from a denial by the customs authorities . . . of another's immediate right of dominion or control over goods in possession of the authorities" (quoting *Alliance Assurance Co. v. United States*, 252 F.2d 529, 533 (2d Cir. 1958))); *Sterling v. United States*, 749 F. Supp. 1202, 1212 (E.D.N.Y. 1990) (holding that Section 2680(c) applies and that plaintiff's conversion claim against the United States under the FTCA should be dismissed); *Hallock*, 253 F. Supp. 2d at 368 (dismissing plaintiff's conversion claim against custom agents that seized and damaged plaintiff's personal property pursuant to a warrant). Because Plaintiff's conversion claim arises from the detention of goods by ICE, it falls

within the Section 2680(c) exception to the FTCA and is therefore not subject to the waiver of immunity under the FTCA.[1]

### III. Conclusion

For the reasons discussed above, the Court grants the Defendant's motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: February 10, 2015
Brooklyn, New York

---

[1] In *Levin v. United States*, the Supreme Court noted that Section 2680(h), the intentional tort exception to the FTCA, "does not remove from the FTCA's waiver all intentional torts, *e.g.*, conversion." *Levin v. United States*, 568 U.S. ---, ---, 133 S. Ct. 1224, 1228 (2013). However, because Plaintiff's conversion claim is based on the detention of his property by ICE, his claim falls under Section 2680(c)'s exception to the FTCA and requires dismissal.